THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

ISRAEL SANTIAGO-LUGO,

Defendant.

Crim. No. 95-029-001 (ADC)

**OPINION AND ORDER**

Before the Court are defendant Israel Santiago-Lugo's ("defendant") various motions to reduce sentence pursuant to § 404 of the First Step Act of 2018, Pub. L. 115-391 (2018). **ECF Nos. 3914, 3937, 3959, 4053.** For the reasons below, defendant's motions are **DENIED**

**I.     Background**

*A.  Defendant's Conviction and Sentence*

A grand jury charged defendant in 1995 with, *inter alia*, engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. §§ 848(a), (b) and (c). **ECF No. 322.** The indictment charged defendant with occupying the position of principal administrator, organizer, and leader in the CCE, and imputed that the charged offense involved the illegal possession and distribution of more than 150 kilograms of cocaine, 1,500 grams of cocaine base ("crack cocaine") and/or 30 kilograms of heroin. *Id.*

After a 54-day trial, a petit jury returned a verdict finding defendant guilty of engaging in a continuing criminal enterprise in violation of § 848(a). **ECF Nos. 917, 918, 920.** The jury

specifically found that defendant was a principal administrator, organizer, and leader of the CCE, and that the charged offense involved more that 150 kilograms of cocaine, 1,500 grams of crack cocaine or 30 kilograms of heroin, in violation of § 848(b). **ECF No. 1593**. These findings warranted an enhanced sentence. *See* 21 U.S.C. § 848(b).

At sentencing, when calculating the sentencing guidelines, the Court determined defendant's total offense level ("TOL") at 43 and criminal history category ("CHC") at I yielding a guideline sentencing range ("GSR") of life in prison. **ECF No. 3066-2.** By the same token, defendant's conviction per § 848(b) mandated a statutory life sentence, too. *Id.* Accordingly, the Court sentenced defendant to life in prison. *Id.*

B. *Procedural Travel*

Between July of 2019 and March of 2020, defendant filed a series of motions to reduce his sentence pursuant to the Fist Step Act ("First Step Act motions"). **ECF Nos. 3914, 3937, 3959**. On May 21, 2020, the Court denied defendant's First Step Act motions. **ECF No. 3994** ("In view of the legal assessment in which counsel for the Government and US Probation coincide, defendant's motion[s are] Denied."). Defendant subsequently appealed. **ECF No. 4001**. On June 7, 2021, the First Circuit Court of Appeals issued a judgment vacating the appealed order and remanding the matter to this Court, in view of the decisions in *United States v. Smith*, 954 F.3d 446 (1st Cir. 2020), decided on April 8, 2020, and *United States v. Concepción*, 991 F.3d 279 (1st Cir. 2021), decided on March 15, 2021. **ECF No. 4043.**

Specifically, the Court of Appeals ordered this Court to make three distinct findings under the framework set forth in the aforementioned cases: (1) whether defendant's crime of conviction constitutes a covered offense under the First Step Act; if it is, (2) whether defendant should be resentenced; and, if the Court finds defendant should be resentenced, (3) what the new sentence should be. *Id.* Per that mandate, the undersigned shall make the necessary findings herein.

Defendant moved anew on July 8, 2021 to reduce sentence as per the First Step Act. **ECF No. 4053**.

## II. Discussion

In 2010, Congress enacted the Fair Sentencing Act to raise the threshold quantities of crack cocaine required to trigger harsher mandatory minimum sentences. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See also Concepción*, 991 F.3d at 283 (stating Congress enacted the Fair Sentencing Act "to ameliorate sentencing disparities between similarly situated defendants convicted of drug-trafficking offenses involving crack cocaine, on the one hand, and powdered cocaine, on the other hand"). As relevant to the above captioned case, the Fair Sentencing Act raised the quantity of crack cocaine needed to trigger a mandatory sentence of life imprisonment under § 848(b) from 1,500 grams to 8,400 grams. *See id.*

However, the Fair Sentencing Act did not apply retroactively, to defendants sentenced prior to August 2010. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). Thus, Congress enacted the First Step Act in 2018. *See* First Step Act of 2018, Pub. L. 115-391 (2018). Under that statute:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010… were in effect at the time the covered offense was committed.

*Id.* at § 404(b). Thereby, the First Step Act effectively made the Fair Sentencing Act permissibly retroactive by giving courts discretion[1] to resentence defendants convicted of covered offenses and sentenced prior to August 2010.

*A. Covered Offense*

A covered offense is any "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act … that was committed before August 3, 2010." *Id*. at § 404(a). *See also Smith*, 954 F.3d 446. Per that framework, there is little doubt that defendant's conviction for engaging in – and leading – a continuing criminal enterprise that involved more that 150 kilograms of cocaine, 1,500 grams of crack cocaine or 30 kilograms of heroin, in violation of §§ 848(a) and (b), is a covered offense. Indeed, the threshold amount of crack cocaine required to trigger § 848(b)'s mandatory life sentence was raised from 1,500 grams to 8,400 grams by the Fair Sentencing Act. *See United States v. Jiménez*, 2020 WL 2087748 at *2 (S.D.N.Y. Apr. 30, 2020).

To boot, multiple district courts have held that defendant's offense of conviction (a violation of §§ 848(a) and (b)) is a covered offense under § 404 of the First Step Act. *See United*

---

[1] *See id.* ("A court … *may* … impose a reduced sentence …" (emphasis added)). *See also id*. at § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *Concepción*, 991 F.3d at 286 (noting that the "First Step Act vests a district court with wide discretion about whether to reduce a defendant's sentence for a covered offense").

*States v. Brown*, 2020 WL 3106320 at *4 (W.D. Va. June 11, 2020); *United States v. Dean*, 2020 WL 2526476 at *3 (D. Minn. May 18, 2020); *Jiménez*, 2020 WL 2087748 at *2. Room to debate the contrary is encroachingly tight – and likely foreclosed – seeing as "[§] 848(b) is a sentencing factor that explicitly refers to § 841(b)(1)(B),"[2] *Dean*, 2020 WL 2526476 at *3, and the Supreme Court and the First Circuit have already reckoned that offenses that carry penalties proscribed by § 841(b) are deemed covered offenses. *See Terry v. United States*, 141 S. Ct. 1858, 1864 (2021); *Smith*, 954 F.3d at 449-450. In fact, the government concedes the point. *See United States v. Santiago-Lugo*, **Appeal No. 20-1594** (1st Cir.), *Motion to Remand Case* (February 23, 2021) at p. 7 ("the government now believes that defendant's continuing-criminal-enterprise conviction was a 'covered offense' under § 404").

Accordingly, the Court finds that defendant's offense of conviction is a covered offense.

B. *The Court's Discretion*

Having determined that defendant's crime of conviction is a covered offense, it "must place itself at the time of the original sentencing and keep the then-applicable legal landscape intact, save only for the changes specifically authorized by sections 2 and 3 of the Fair Sentencing Act" to "determine whether resentencing of [the] defendant is appropriate under the circumstances of the particular case." *Concepción*, 991 F.3d at 289. In due practice of this exercise, the Court enjoys wide discretion to resentence the defendant or keep the sentence originally

---

[2] "Any person who engages in a continuing criminal enterprise shall be imprisoned for life … if … the violation … *involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title* …" 21 U.S.C. § 848(b) (emphasis added).

imposed. *See* First Sept Act at § 404(b) ("A court … *may* … impose a reduced sentence …" (emphasis added)); *id*. At § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *Concepción*, 991 F.3d at 286 (noting that the "First Step Act vests a district court with wide discretion about whether to reduce a defendant's sentence for a covered offense").The Court has undertaken the exercise mandated by *Concepción*, 991 F.3d 279, and based on the reasoning set forth concludes that resentencing is not proper.

Defendant was the "kingpin of a vast drug conspiracy" with over 30 members that operated in at least five housing projects in northern municipalities of Puerto Rico. *See United States v. Santiago-Lugo*, 167 F.3d 81, 83 (1st Cir. 1999); *United States v. Candelaria-Silva*, 166 F.3d 19, 26 (1st Cir. 1999).

The drug conspiracy defendant commanded ("the Santiago drug ring") planned and engaged in violent conduct such as murder, gun fights, brawls and "drug wars." *United States v. Marrero-Ortiz*, 160 F.3d 768, 774 fn. 2 (1st Cir. 1998). *See also Candelaria-Silva*, 166 F.3d at 27; *United States v. Candelaria-Silva*, 162 F.3d 698, 701 (1st Cir. 1998); *Marrero-Ortiz*, 160 F.3d at 776. In a noteworthy incident, "the government proffered evidence indicating that the Santiago drug ring was plotting to murder federal agents and local police officers to improve the odds at trial." *Marrero-Ortiz*, 160 F.3d at 776.

The drugs the Santiago drug ring pushed and peddled were not limited to crack cocaine – defendant called the shots in the trafficking of shedloads of powder cocaine, heroin, and

marijuana.³ *See Candelaria-Silva*, 166 F.3d at 26; *Marrero-Ortiz*, 160 F.3d at 776. A "conservative estimate" for the drugs distributed in a single housing project "would be close to 50,000 units having a total value of approximately $3.5 million dollars." *Candelaria-Silva*, 166 F.3d at 27.

Finally, jumping back twenty-some-odd years to the date of defendant's sentencing and keeping "the then-applicable legal landscape intact, save only for the changes specifically authorized by sections 2 and 3 of the Fair Sentencing Act," *Concepción*, 991 F.3d at 289, compels this Court to leave untouched defendant's TOL of 43 and CHC of I. *C.f.* **ECF No. 3066-2.** Thus, notwithstanding the changes enacted upon § 848(b) by the Fair Sentencing and First Step Acts, defendant's guidelines sentencing range of life imprisonment remains the same. *See id.*

Accordingly, albeit defendant was convicted of a covered offense, the Court **DENIES** his motions for a new, reduced sentence under the First Step Act. Because the Court has declined to resentence defendant, the inquiry mandated by the First Circuit Court of Appeal, **ECF No. 4043**, and set forth in *Concepción*, 991 F.3d 279, is at an end.

### III.   Conclusion

Based on the above, and in compliance with the mandate of the First Circuit Court of Appeals, **ECF No. 4043**, defendant's First Step Act motions and renewed motion to reduce sentence, **ECF Nos. 3914, 3937, 3959, 4053**, are **DENIED**.

---

³ Again, Congress enacted the Fair Sentencing Act "to ameliorate sentencing disparities between similarly situated defendants convicted of drug-trafficking offenses involving crack cocaine, on the one hand, and powdered cocaine, on the other hand." *Concepción*, 991 F.3d at 283.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 20th day of July, 2021.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                  **United States District Judge**