THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

v.

**ISRAEL SANTIAGO-LUGO,**

**Defendant.**

**Crim. No. 95-029-001 (ADC)**

## OPINION AND ORDER

Before the Court are defendant Israel Santiago-Lugo's ("defendant") various motions to reduce sentence pursuant to § 404 of the First Step Act of 2018, Pub. L. 115-391 (2018). **ECF Nos. 3914, 3937, 3959, 4053, 4116**. For the reasons below, defendant's motions[1] are **DENIED**

In 2010, Congress enacted the Fair Sentencing Act to raise the threshold quantities of crack cocaine required to trigger harsher mandatory minimum sentences. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See also United States v. Concepción*, 991 F.3d 279, 283 (1st Cir. 2021) (stating Congress enacted the Fair Sentencing Act "to ameliorate sentencing disparities between similarly situated defendants convicted of drug-trafficking offenses involving crack cocaine, on the one hand, and powdered cocaine, on the other hand").

However, the Fair Sentencing Act did not apply retroactively, to defendants sentenced prior to August 2010. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). Thus, Congress enacted the First Step Act in 2018. *See* First Step Act of 2018, Pub. L. 115-391 (2018). Under that statute:

---

[1] Defendant includes collateral attacks in his First Step Act motions. These are outside the scope of the Act's purview.

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010… were in effect at the time the covered offense was committed.

*Id.* at § 404(b). Thereby, the First Step Act effectively made the Fair Sentencing Act permissibly retroactive by giving courts discretion[2] to resentence defendants convicted of covered offenses and sentenced prior to August 2010.

Still, Courts are not mandated to reduce any sentence by the First Step Act – instead, the Act grants Courts the discretion to either grant or deny such reductions. *Id.* at § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."). Thus, in an exercise of that discretion, the Court denies defendant's motion to reduce sentence based on the following factors:

Defendant was the "kingpin of a vast drug conspiracy" with over 30 members that operated in at least five housing projects in northern municipalities of Puerto Rico. *See United States v. Santiago-Lugo*, 167 F.3d 81, 83 (1st Cir. 1999); *United States v. Candelaria-Silva*, 166 F.3d 19, 26 (1st Cir. 1999).

The drug conspiracy defendant commanded ("the Santiago drug ring") planned and engaged in violent conduct such as murder, gun fights, brawls and "drug wars." *United States v. Marrero-Ortiz*, 160 F.3d 768, 774 fn. 2 (1st Cir. 1998). *See also Candelaria-Silva*, 166 F.3d at 27;

---

[2] *See id.* ("A court … *may* … impose a reduced sentence …" (emphasis added)); *Concepción*, 991 F.3d at 286 (noting that the "First Step Act vests a district court with wide discretion about whether to reduce a defendant's sentence for a covered offense").

*United States v. Candelaria-Silva*, 162 F.3d 698, 701 (1st Cir. 1998); *Marrero-Ortiz*, 160 F.3d at 776. In a noteworthy incident, "the government proffered evidence indicating that the Santiago drug ring was plotting to murder federal agents and local police officers to improve the odds at trial." *Marrero-Ortiz*, 160 F.3d at 776.

The drugs the Santiago drug ring pushed and peddled were not limited to crack cocaine – defendant called the shots in the trafficking of shedloads of powder cocaine, heroin, and marijuana.[3] *See Candelaria-Silva*, 166 F.3d at 26; *Marrero-Ortiz*, 160 F.3d at 776. A "conservative estimate" for the drugs distributed in a single housing project "would be close to 50,000 units having a total value of approximately $3.5 million dollars." *Candelaria-Silva,* 166 F.3d at 27.

In light of the above, the Court finds in its discretion that a reduction in sentence would not be proper.

**I.      Conclusion**

Based on the above, defendant's First Step Act motions (**ECF Nos. 3914, 3937, 3959, 4053**, **4116**) are **DENIED**.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 5th day of October, 2022.

                                                       **S/AIDA M. DELGADO-COLÓN**
                                                         **United States District Judge**

---

[3] Again, Congress enacted the Fair Sentencing Act "to ameliorate sentencing disparities between similarly situated defendants convicted of drug-trafficking offenses involving crack cocaine, on the one hand, and powdered cocaine, on the other hand." *Concepción*, 991 F.3d at 283.